UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| LINNELL RICHMOND, JR., <br><br> Petitioner, <br><br> v. <br><br> A.J. BURNHART, Warden <br><br> Respondent. | 6:19-CV-064-REW <br><br><br><br> **OPINION AND ORDER** |

* * * * *

Petitioner Richmond, *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2241. DE 1. Richmond claims he is entitled to a sentence reduction. *Id*. at 1. For the following reasons, the Court **DENIES** Richmond's petition.

I

On March 1, 1996, Richmond was convicted by a federal jury in the Eastern District of Tennessee on several serious charges.[1] *United States v. Richmond*, Case No. 3:95-CR-126-TAV-DCP (E.D. Tenn.) at ECF No. 199 (Trial Minutes). On June 7, 1996, Richmond was sentenced to an aggregate term of 411 months, a five-year term of supervised release, and $250 special assessment fee. *Id.* at ECF No. 224. The Sixth Circuit affirmed his conviction and sentence, *United States v. Richmond*, 129 F.3d 1266, and the Supreme Court denied certiorari, *Richmond v. United States*, 118 S. Ct. 1326 (1998).

---

[1] Richmond, along with two others, set out to rob a night club. *See United States v. Richmond*, 129 F.3d 1266 (6th Cir. 1997). During the course of the robbery, the defendants stole cash, discharged weapons, called to each other ordering the murder of several individuals, and, after leaving, returned for a drive by shooting. *Id*.

Spurred by the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2251 (2015) (finding that increasing sentence under the residual clause of the Armed Career Criminal Act violates due process), Richmond, on June 6, 2016, filed a § 2255 petition in the Tennessee district court to vacate one count of his conviction. *Richmond v. United States*, Case No. 3:16-cv-00307-TAV at ECF No. 1 (§ 2255 Motion). According to Richmond, *Johnson* invalidated the residual clause in § 924(c)(3)(B)'s definition of crime of violence and, thus, requires vacatur of his § 924(c) convictions. *Id*. at ECF No. 1 at 4-9. Since originally filing his § 2255 petition, Richmond has twice sought leave to amend his petition to add claims that his § 924(c) conviction and sentence violate *Alleyne v. United States*, 133 S.Ct. 2151 (2013), and that his counsel was constitutionally ineffective on appeal. *Id*. at ECF Nos. 6, 9. On March 1, 2019, Richmond filed a letter asking the Tennessee district court what effect the First Step Act of 2018's § 924(c) stacking clarification had on his sentence calculation. *United States v. Richmond*, Case No. 3:95-CR-126-TAV-DCP (E.D. Tenn.) at ECF No. 294 (Motion). Specifically, he asked whether he should "file [a] petition under 28 U.S.C. § 2241" or "amend the pending 28 U.S.C. § 2255 [petition]." *Id*.

On March 4, 2019, Richmond filed the instant habeas petition here under § 2241, seeking a sentence reduction under the First Step Act, arguing he improperly received an "extra-enhanced" penalty of twenty-five years for a "second or subsequent" § 924(c) conviction charged in the same indictment as the first ("stacking"). DE 1, 4[2] (Petition) at 5. In his conclusion, Richmond also asserts that his defense counsel was ineffective at trial. *Id*. at 7.

Richmond's petition is now before this Court for initial screening. At this stage, a § 2241 petition fails only "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States

---

[2] DE 4 is substantively the same filing as DE 1, amended to correct the case caption.

District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court, during screening, evaluates the *pro se* petition under a lenient standard, accepts all factual allegations as true, and construes all legal claims in Richmond's favor. *See Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007); *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65 (2007); *but see Neitzke v. Williams*, 109 S. Ct. 1827, 1831–32 (1989) (describing as "frivolous[,]" claims lacking "an arguable basis either in law or in fact").

II

Despite lenient construction, Richmond's claims do not survive screening. First, Richmond's petition suffers fatal technical deficiencies—he failed to either pay the filing fee or, alternatively, move for leave to file *in forma pauperis*. His petition also suffers procedural deficiencies—the fact that Richmond's § 2255 motion remains pending in the Tennessee district court prevent him from challenging sentence legality under § 2241 in this Court.

A challenge to sentencing validity must be made under § 2255, unless the defendant demonstrates § 2255 is "inadequate or ineffective to test the legality of his detention," according to the "savings clause" of 28 U.S.C. § 2255(e). *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). This Court could not determine that Richmond's § 2255 petition is inadequate or ineffective while the motion is still pending before the Tennessee district court. "A prisoner's remedy under § 2255 is not inadequate or ineffective merely because the prisoner is time-barred or otherwise procedurally barred from seeking relief under § 2255, because the prisoner has already filed one motion to vacate, or because the prisoner has been denied permission to file a second or successive motion to vacate." *Barnes v. Booker*, 116 Fed. Appx. 560, 561 (6th Cir. 2004) (citing *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999)). Motion pendency does not render the § 2255 vehicle sufficiently inadequate. *See Gorley v. Snyder*, 27 Fed. Appx. 464, 466 (6th Cir.

2001) (pendency of defendant's § 2255 motion does not render it inadequate or ineffective "simply because a petitioner may be denied relief under § 2255"). Richmond's motion incorrectly seeks to utilize § 2241 relief as "an additional, alternative or supplemental remedy to that prescribed under § 2255." *Peterman*, 249 F.3d at 461 (6th Cir. 2001).

Setting aside these technical and procedural deficiencies, the Court denies Richmond's motion on its merits, because he fails to establish actual innocence. In order to "to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions," the petitioner must demonstrate an intervening change in the law that establishes his actual innocence. *Charles*, 180 F.3d at 755.

A petitioner may demonstrate actual innocence of the underlying offense in one of two ways: (1) showing that, after the petitioner's conviction became final, the Supreme Court issued a retroactively applicable decision reinterpreting the substantive terms of the criminal statute, rendering the petitioner's conduct non-qualifying. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012); or, (2) establishing that, as a matter of statutory interpretation, a prior conviction used to enhance his or her federal sentence no longer qualifies as a valid predicate offense. *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). Richmond fails to demonstrate actual innocence of either kind.

Richmond is correct that the First Step Act amended § 924(c)(1)(C) to allow stacking only where a prior conviction was final. *See* First Step Act of 2018, Pub. L. No. 115-391, December 21, 2018, 132 Stat. 5194, § 403(a). However, the amendment is not retroactive. *See id*. at § 403(b) (applying the change only "if a sentence for the offense has not been imposed as of such date of enactment"). The only retroactive portion of the First Step Act is § 404, which permits district courts to reduce a sentence retroactively based on the revised statutory penalties of the Fair

Sentencing Act of 2010. *See* First Step Act § 404(a). Accordingly, the First Step Act, being inapplicable to him, does not provide Richmond an intervening change in statutory law such that he may proceed under 28 U.S.C. § 2241.[3]

For all of these reasons and under the applicable standards, the Court **ORDERS** as follows:

1. The Court **DENIES** DE 1 & 4;

2. The Court **DISMISSES** Richmond's First Step Act claims **WITH PREJUDICE**; and

3. The Court **STRIKES** this matter from the active docket.

This 15th day of May, 2019.

Signed By:
*Robert E. Wier*
United States District Judge

---

[3] The prior § 924(c) stacking formulation survived constitutional scrutiny. *Deal v. United States*, 113 S.Ct. 1993 (1993) (a defendant may be sentenced to five- and twenty-year consecutive terms for a "second and subsequent conviction" [under § 924(c)] where both the first and any subsequent convictions arise in the same proceeding); *United States v. Taylor*, 13 F.3d 986, 992 (6th Cir. 1994) (holding that "§ 924(c)'s unit of prosecution is the underlying offense, not the number of firearms").